# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK** §§§§§§§ | |
| **Plaintiffs,** §§ | |
| **v.** §§§ | **CIVIL ACTION NO. _____** |
| **WATTS WATER TECHNOLOGIES, INC. and WATTS REGULATOR COMPANY** §§§§ | |
| **Defendants.** § | |

## INDEX OF STATE COURT FILE

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| C-1 | 08/26/13 | Plaintiff's Original Petition |
| C-2 | 08/26/13 | M. Veronica Negron's (with Carpenter & Schumacher) correspondence filing Plaintiff's Original Petition |
| C-3 | 09/18/13 | Hermes Sargent Bates's request to obtain a certified copy of the court's file |
| C-4 | 09/18/13 | Hermes Sargent Bates's fax cover sheet to Tarrant County Fax Department sending the request to obtain a certified copy of the court's file |
| C-5 | 10/03/13 | Texas Secretary of State's acknowledgment dated 09/24/13 confirming receipt of Plaintiff's Original Petition on served on Watts Water Technologies, Inc. on 09/16/13 |
| C-6 | 10/03/13 | M. Veronica Negron's (with Carpenter & Schumacher) correspondence filing a copy of the Return of Service for Citations served on Watts Water Technologies, Inc. and Watts Regulator Co. |
| C-7 | 10/03/13 | Texas Secretary of State's acknowledgment dated 09/23/13 confirming receipt of Plaintiff's Original Petition on served on Watts Regulator Co. on 09/16/13 |
| C-8 | 10/07/13 | Defendants Watts Water Technologies, Inc. and Watts Regulator Co.'s Original Answer to Plaintiff's Original Petition |
| C-9 | 10/07/13 | Gina Viccinelli's correspondence to Tarrant County District Clerk filing Defendants Watts Water Technologies, Inc. and Watts Regulator Co.'s Original Answer to Plaintiff's Original Petition |

# EXHIBIT B

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE        Page:     1
JIMSGTM8              ALL TRANSACTIONS FOR A CASE                 Date: 10/09/2013
                                                                 Time: 10:53
```

```
        Cause Number: 067-267646-13   Date Filed: 08/26/2013
   STATE FARM LLOYDS INSURANCE        | v |  WATTS WATER TECHNOLOGIES,
   COMPANY, ET AL                     | s |  INC., ET AL
        Cause of Action: INJURY OR DAMAGE, OTHER PRODUCT LIABILITY
        Case Status·····: PENDING
```

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 08/26/2013 | PLTF ORIG PETITION | NI | 249.00 |
| 08/26/2013 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 08/26/2013 | CIT Sec of St-ISSUED ON WATTS WATER TECHNOLOGIES | NUI | 8.00 |
| 08/26/2013 | CIT Sec of St-ISSUED ON WATTS REGULATOR | NUI | 8.00 |
| 08/26/2013 | COURT COST (PAID) trans #4 | Y | 8.00 |
| 08/26/2013 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 08/26/2013 | CIVIL INFORMATION SHEET | UI | 0.00 |
| 09/18/2013 | LETTER REQUESTING COPIES | I | 0.00 |
| 10/03/2013 | CERTIFICATION FROM SECRETARY OF STATE | I | 0.00 |
| 10/03/2013 | CERTIFICATION FROM SECRETARY OF STATE | I | 0.00 |
| 10/07/2013 | DEFN WATTS WATER TECH & WATTS REGULATOR ORIG ANS | I | 0.00 |

Total Number Of Records Printed:     11

067-267646-13

# Civil Docket

## Discovery: 3

Cause of Action: INJURY OR DAMAGE, OTHER PRODUCT LIABILITY

| NAMES OF PARTIES | ATTORNEYS |
|---|---|
| | CSchumacher@Subrogatelaw.com |
| **Date Filed** 08/26/2013 | STATE FARM LLOYDS INSURANCE COMPANY, ET AL | SCHUMACHER, CRAIG M. PARKWAY CENTRE IV 2701 N DALLAS PKWY, STE 570 PLANO, TX 75093 |
| Jury $ Fee $ | vs. | BarID: 00791622TX   Ph (972)403-1133   PLTF CARPENTER & SCHUMACHER, P.C. F: 972.403.0311 |
| Paid By | WATTS WATER TECHNOLOGIES, INC., ET AL |
| | Watts Regulator Company |

ORDERS OF COURT

Was Steno Used?

Date of Orders

A CERTIFIED COPY
ATTEST: 12-18-13
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Kelly Jones
DEPUTY
KELLY JONES

067-267646-13

# EXHIBIT C-1

Cause No. 067 267646 13

FILED
TARRANT COUNTY
2013 AUG 26 AM 10: 04
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| STATE FARM LLOYDS INSURANCE | § | IN THE DISTRICT COURT |
| COMPANY AS SUBROGEE OF | § | |
| JEFFREY AND DEBBIE SIEK, | § | |
| Plaintiff, | § | |
| | § | TARRANT COUNTY, TEXAS |
| vs. | § | |
| | § | |
| WATTS WATER TECHNOLOGIES, INC. | § | |
| and WATTS REGULATOR COMPANY | § | |
| Defendants. | § | 67th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK, hereinafter referred to as "Plaintiff," and complains of WATTS WATER TECHNOLOGIES, INC. (hereinafter referred to as "WATTS WATER") and WATTS REGULATOR COMPANY (hereinafter referred to as "WATTS REGULATOR"), sometimes collectively referred to hereinafter as "Defendants," and for cause of action would respectfully show the Court as follows:

## I. DISCOVERY

Discovery in this suit is intended to be conducted under Level Three of the Texas Rules of Civil Procedure unless otherwise ordered by the Court.

## II. PARTIES, VENUE, AND JURISDICTION

1.  Plaintiff, as a real party in interest, is an insurance company doing business in the State of Texas.

2.  Defendant, **Watts Water Technologies, Inc.,** is a foreign corporation existing under the laws of the State of Massachusetts. **Watts Water Technologies, Inc.,** at all relevant times, has engaged in the business in the State of Texas, as more particularity described below. **Watts Water Technologies, Inc.,** does not maintain a place of business in Texas and has no designated agent on whom

PLAINTIFF'S ORIGINAL PETITION

Page 1

A CERTIFIED COPY
ATTEST: 9-18-13
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Kelly Jones
DEPUTY
KELLY JONES

service of citation may be made in this case.   The causes of action arose from and are connected with purposeful acts committed by **Watts Water Technologies, Inc.,** in Texas because **Watts Water Technologies, Inc.,** advertised, sold and delivered the product in question in this case to distributors and entities in the State of Texas.  Accordingly, **Watts Water Technologies, Inc.,** may be cited by serving the Texas Secretary of State under TEX. CIV. PRAC. & REM. CODE, 17.044.  A copy of the citation and petition should be mailed by the Secretary of State to: William C. McCartney, 815 Chestnut St., Andover, MA 01845, by certified mail, return receipt requested.

3.      Defendant, **Watts Regulator Company** is a foreign corporation existing under the laws of the State of Massachusetts.  **Watts Regulator Company** at all relevant times, has engaged in the business in the State of Texas, as more particularly described below.  **Watts Regulator Company** does not maintain a place of business in Texas and has no designated agent on whom service of citation may be made in this case.   The causes of action arose from and are connected with purposeful acts committed by **Watts Regulator Company** in Texas because **Watts Regulator Company** advertised, sold and delivered the product in question in this case to distributors and entities in the State of Texas. Accordingly, **Watts Regulator Company** may be cited by serving the Texas Secretary of State under TEX. CIV. PRAC. & REM. CODE, 17.044.  A copy of the citation and petition should be mailed by the Secretary of State to: William C. McCartney, 815 Chestnut St., Andover, MA 01845, by certified mail, return receipt requested.

4.      The "Property" is located at 4604 Green Oaks Drive, Colleyville, Tarrant County, Texas 76034-4763.

5.      Venue of this suit is proper in Tarrant County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made herein occurred in Tarrant County.

6.      The Court has jurisdiction over Defendants because they are corporations authorized to conduct business in the State of Texas.  The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this Court.

### III.  PRODUCTS LIABILITY

This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of a 12" stainless steel braided toilet water supply line, which is further identified as an Anderson Barrows (Watts) brand (hereinafter referred to as "product", "product in

question" or "water supply line in question"), which was manufactured by Defendants. The product in question was designed, manufactured, and/or marketed by Defendants. At all times mentioned herein, Defendants were engaged in the business of designing, manufacturing and marketing the same brand and/or model of water supply line as the product in question to the general public, throughout the United States, as well as within the State of Texas.

Defendants designed, manufactured and/or placed into the stream of commerce the product in question which reached the home of Jeffrey and Debbie Siek in the same or substantially the same condition in which it was sold.

## IV.  FACTUAL BACKGROUND

At all relevant times herein, Jeffrey and Debbie Siek were the owners of a residence located at 4604 Green Oaks Drive, Colleyville, Tarrant County, Texas 76034-4763 (the "Property"). On or about December 20, 2011, a water supply line for a toilet that was installed in the Property developed a significant leak.  More specifically, the 7/8" plastic coupling nut, which was intended to connect the water supply line to the tank for the toilet, cracked which allowed for the uncontrolled release of water into and throughout the Property.  As a result of the failure of the water supply line in question, the water caused significant damage to the real and personal property of Jeffrey and Debbie Siek.

The water supply line in question has been further identified as an Anderson Barrows brand, 12" braided stainless steel water supply line ("water supply line" or "product" in question). A professional engineer has inspected the water supply line in question and has determined that the water supply line in question was defectively designed and defectively manufactured. Specifically, the subject acetal coupling nut was defectively manufactured with respect to the sharp notch transition between the last thread cut and the base of the coupling nut.  The fracture of the coupling nut initiated at this sharp notch transition. The sharp notch was a defect that was created in the subject coupling nut during the manufacturing process.  Therefore the subject coupling nut was defective prior to leaving the manufacturer's control.  Upon information and belief, the water supply line in question was designed, manufactured, marketed, or otherwise placed into the stream of commerce by Defendants.

As a direct, proximate and producing result of the failure of Defendants' water supply line, Jeffrey and Debbie Siek suffered damages to their real and personal property. Pursuant to a homeowner's insurance policy in effect for the date of loss, State Farm Lloyds Insurance Company compensated Jeffrey and Debbie Siek for the covered damages he incurred, and State Farm now brings this suit to recover its subrogation interests from Defendants.

## V.   CAUSES OF ACTION AGAINST ALL DEFENDANTS

### Count One -- Strict Liability

Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

Prior to the date of the water loss, Defendants manufactured, assembled, inspected, tested, sold and/or distributed the water supply line in question and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the water supply line in question caused the water loss and the resultant damages. At the time of the water loss, the water supply line in question was being used in a manner for which it was designed, manufactured, assembled and sold.

There was a manufacturing defect in the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and the damages as set forth herein. As a result of the manufacturing defect, the water supply line in question was in an unreasonably dangerous condition; i.e., the water supply line in question was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

There was a design defect in the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the water supply line in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and

was economically and technically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

There was a defect in the marketing of the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. Defendants failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

Plaintiff alleges that the damages incurred by Jeffrey and Debbie Siek were caused as a direct, proximate and producing result of the defective condition of the water supply line in question. Furthermore, Jeffrey and Debbie Siek was unaware of any defects inherent in the water supply line in question or of any danger that could result from the use thereof at the time they made use of the water supply line in question in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

**Count Two – Negligence**

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Plaintiff would show that on the occasion in question, Defendants owed a duty to exercise ordinary care in the design, preparation, manufacture, and sale of its products. The water supply line in question was defective and unsafe for its intended purpose at the time it left Defendants' control and at the time it was installed in the residence of Jeffrey and Debbie Siek. The water supply line in question was defective in that it failed to conform to the product design and specifications of other similar products. Defendants breached their duty and, as a direct and proximate result of their negligence, caused Jeffrey and Debbie Siek to suffer damages.

Plaintiff would show that Defendants' negligence was the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

## Count Three -- Breach of Express and Implied Warranties

Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

Defendants held out to the general public, and to Jeffrey and Debbie Siek specifically, that the water supply line in question would conform with the qualities of the same or similar products. As a result of Defendants' actions, Defendants breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

Further, if such be necessary, Defendants held out to the general public, and to Jeffrey and Debbie Siek specifically, that the water supply line in question would be suitable for its ordinary purpose and intended use, and that the product would be of merchantable quality. As a result of Defendants' actions, Defendants breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

Plaintiff has suffered the damages set forth above as a result of Defendants' breach of the foregoing warranties and plead for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VI. RES IPSA LOQUITUR

Plaintiff cannot more specifically allege the acts of negligent design and/or manufacture of the water supply line in question on the part of Defendants for the reason that facts in that regard are peculiarly within the knowledge of Defendants.

In this connection, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the water supply line in question was within the exclusive control of Defendants at the time the negligence probably occurred. Plaintiff has no means of ascertaining the method or manner in which the Defendants' water supply line was designed, manufactured, and/or tested.

In the alternative, and in the event Plaintiff is unable to prove specific acts of negligent design and/or manufacture, Plaintiff asserts and relies on the doctrine of *Res Ipsa Loquitur*.

## VII.  DAMAGES

As a result of the acts and/or omissions on the part of Defendants, Jeffrey and Debbie Siek sustained damage to their real and personal property in at least the amount of **$101,483.71**. Pursuant to an insurance policy in effect for the date of loss, State Farm has compensated Jeffrey and Debbie Siek, for the covered damages they sustained as a result of the failure of Defendants' water supply line.   State Farm Lloyds is exercising it's rights to both contractual and equitable subrogation by filing this lawsuit against Defendants.   After allowing for all just and lawful offsets, payments, and credits, Defendants continue to be indebted to Plaintiff in the total amount of **$101,483.71**.

Plaintiff hereby asserts its claim for damages as described above.   All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## VIII.  REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that all Defendants disclose, within fifty (50) days of the service of this petition and request, the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF JEFFREY AND DEBBIE SIEK,** requests that Defendant **WATTS WATER TECHNOLOGIES, INC.** and Defendant **WATTS REGULATOR COMPANY** take notice of the filing of this Original Petition, be cited to appear and answer herein, and that upon final hearing, Plaintiff recover from Defendants:

1.   A judgment against Defendants, jointly and severally, for actual damages in the amount of **$101,483.71**;

2.   A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

3.   A judgment against Defendants, jointly and severally, for all costs of court and attorneys fees incurred by Plaintiff; and,

4.   A judgment against Defendants for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER & SCHUMACHER, P.C.**

By:_____

**Craig M. Schumacher**
State Bar No. 00791622
**N. Scott Carpenter**
State Bar No. 00790428
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311
*ATTORNEY FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE*
*OF JEFFREY AND DEBBIE SIEK*

# EXHIBIT C-2

# CARPENTER & SCHUMACHER, P.C.

*Attorneys and Counselors at Law*
■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Facsimile (972) 403-0311
www.subrogatelaw.com

*FILED*
*TARRANT COUNTY*
*2013 AUG 26  AM 10: 04*
*THOMAS A. WILDER*
*DISTRICT CLERK*

August 20, 2013

Tarrant County District Clerk
Civil Division, Justice Center
401 W. Belknap
Fort Worth, Texas 76196

## 067  267646  13

Re:     Cause No. _____; *State Farm Lloyds as subrogee of Jeffrey and Debbie Siek vs. Watts Water Technologies, Watts Regulator Company*; Tarrant County, Texas

Dear Clerk:

Enclosed for filing is an original and five (5) copies of *Plaintiff's Original Petition* along with a Civil Case Information Sheet.   Please file-stamp the copies and return them to this office in the enclosed convenience envelope.

Also enclosed is a firm check in the amount of $266.40, which sum represents $249.00 for the filing fee and $17.40 for the issuance of two (2) citations for service through the **Texas Secretary of State.**

Kindly issue the citations and return them to this office for service via private process server.

Thank you for your courtesy and assistance. Should you have any questions or require anything further from our office at this time, please do not hesitate to contact me.

Very truly yours,
**CARPENTER & SCHUMACHER, P.C.**

M. Veronica Negrón
Assistant to Craig M. Schumacher
vnegron@subrogatelaw.com

Enclosures
/mvn
s:\219.1129 Siek\corr\Clerk.01.Petition

_____8-26-13_____ (Date)
sent a copy of letter
To Doc prod _____ (initials).

# EXHIBIT C-3

09/17/2013 TUE 16:32 FAX            ☑002/002

## THOMAS A. WILDER  -  TARRANT COUNTY DISTRICT CLERK
### FAX TRANSMITTAL FORM Cover Sheet

**Section I**
Attorney: _Gina Viccinelli_    Bar ID # _20413685_

Firm Name _Hermes Sargent Bates_ Fax# _214-749-4372_ E-Mail

Subscriber Number _95000252_      Telephone # _214-749-_

Representing: _____ Plaintiff/Petitioner    _✓_ Defendant/Respondent    Other

**Authorization:** I authorize the filing of the below named document(s) and I further authorize my checking account to be debited in accordance with my subscriber's agreement.

**Note:** This authorization __must be signed__ by an authorized representative of subscriber __to be accepted as filed due to Supreme Court Fax Filing rules.__

Authorized Signature: _____

**Section II**
Total number of Pages (including this form) _____ Case Number (if not new case) _067 267646-13_

This document should be filed in:
_✓_ Civil      For Civil or Criminal please send your fax to: **817-850-2928**
_____ Criminal

_____ Family     For Family please send your fax to: **817-850-2927**
_____ Juvenile    For Juvenile please send your fax to: **817-850-2303**

**Section III**
If you have any questions, please call Civil at 817-212-7011, Family at 817-212-7533 or Juvenile at 817-838-4645

_✓_ New Case Filing _✗ need certified copies of court file + docket sheet._

_____ Motions and other pleadings WITH FEES: _____

_____ Motions and other pleadings WITHOUT FEES: _____

Date/time of hearing/trial:

| Section IV | | | |
|---|---|---|---|
| **REQUEST FOR SERVICE DOCUMENTS** (Do you want us to issue citations or other documents?) | | | |
| Type of service document | Name of person to be served | Address | Type of service (constable, Private, certified mail, etc) |
| | | | |
| | | | |
| | | | |

Revised February 2012

A CERTIFIED COPY
ATTEST: _10-9-13_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
KELLY JONES

# EXHIBIT C-4





HERMES SARGENT BATES LLP

*Minds over matters.™*

# FACSIMILE COVER PAGE

Date: 09/17/13

Total Number of Pages (including this sheet):          C/M #:  674-193

To:  TARRANT COUNTY FAX DEPT                       Fax : 817-850-2928

**FROM:** Joy Grubbs
**Fax:** (214) 749-6372
**Phone:** (214) 749-6572
**General Fax:** 214-749-6100
**General Phone:** 214-749-6000

**MESSAGE:**

## IF YOU HAVE ANY PROBLEMS WITH THIS TRANSMISSION, PLEASE CALL (214) 749-6000
### Thank You

Thank you. IMPORTANT\CONFIDENTIAL:  This message is intended only for the use of the individual or entity to which it is addressed.  This message contains information from the law firm of Hermes Sargent Bates, LLP which may be privileged, confidential, and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately at our telephone number (214) 749-6000.  We will be happy to arrange for the return of this message to us, via the United States Postal Service, at no cost to you.

Attorneys and Counselors  |  901 Main Street  |  Suite 5200  |  Dallas, Texas 75202  |  214.749.6000  |  214.749.6100 fax  |  hsblaw.com

# EXHIBIT C-5



# The State of Texas
## Secretary of State



2014-231844-2

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiffs Original Petition in the cause styled:

> State Farm Lloyds Insurance Company et al Vs Watts Water Technologies Inc et al
> 67th Judicial District Court Of Tarrant County, Texas
> Cause No: 06726764613

was received by this office on September 16, 2013, and that a copy was forwarded on September 19, 2013, by CERTIFIED MAIL, return receipt requested to:

> Watts Water Technologies Inc
> William C McCartney
> 815 Chestnut St
> Andover, MA 01845

The RETURN RECEIPT was received in this office dated September 24, 2013, bearing signature.



A CERTIFIED COPY
ATTEST: 10-1-13
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
KELLY JONES

Date issued: September 25, 2013

John Steen
Secretary of State

CT/vo

# EXHIBIT C-6

# CARPENTER & SCHUMACHER, P.C.

*Attorneys and Counselors at Law*
▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪ ▪
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Facsimile (972) 403-0311
www.subrogatelaw.com



October 1, 2013

Tarrant County District Clerk
Civil Division, Justice Center
401 W. Belknap
Fort Worth, Texas 76196

   Re:  Cause No. 067-267646-13; *State Farm Lloyds as subrogee of Jeffrey and Debbie Siek vs. Watts Water Technologies, Watts Regulator Company*; Tarrant County, Texas

Dear Clerk:

   Enclosed for filing is an original and one (1) copy of *Return of Service for Citations served on Watts Water Technologies and Watts Regulator Company*. Please file-stamp the copies and return them to this office in the enclosed convenience envelope.

   Thank you for your courtesy and assistance.

         Very truly yours,
         **CARPENTER & SCHUMACHER, P.C.**

         M. Veronica Negrón
         Assistant to Craig M. Schumacher
         vnegron@subrogatelaw.com

Enclosures
/mvn
s:\219.1129 Siek\corr\Clerk.02.aff of service

# EXHIBIT C-7





# The State of Texas
## Secretary of State

2014-231844-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition in the cause styled:

> State Farm Lloyds Insurance Company et al Vs Watts Water Technologies Inc et al
> 67th Judicial District Court Of Tarrant County, Texas
> Cause No: 06726764613

was received by this office on September 16, 2013, and that a copy was forwarded on September 19, 2013, by CERTIFIED MAIL, return receipt requested to:

> Watts Regulator Company
> William C McCartney
> 815 Chestnut St
> Andover, MA 01845

The RETURN RECEIPT was received in this office dated September 23, 2013, bearing signature.



Date issued: September 24, 2013

John Steen
Secretary of State

CT/vo

A CERTIFIED COPY
ATTEST: 10-9-13
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:
DEPUTY
KELLY JONES

# EXHIBIT C-8

CAUSE NO. 067 267646 13

| | | |
|---|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK | § § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| vs. | § § | TARRANT COUNTY, TEXAS |
| WATTS WATER TECHNOLOGIES, INC. and WATTS REGULATOR COMPANY | § § § § | |
| Defendants. | § | 67TH JUDICIAL DISTRICT |

## DEFENDANT WATTS WATER TECHNOLOGIES, INC. AND WATTS REGULATOR CO.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Watts Water Technologies, Inc. and Defendant Watts Regulator Co. ("Defendants") and file this their Original Answer in response to Plaintiff's Original Petition and in support would respectfully show the Court the following:

I.

### GENERAL DENIAL

The Defendants place in issue all matters contained in Plaintiff's Original Petition, and any amendments thereto, by general denial, pursuant to TEX. R. CIV. P. 92 and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Watts Water Technologies, Inc. and Watts Regulator Co. pray that Plaintiff recover nothing by way of this suit against Defendants. Defendant Watts Water Technologies, Inc. and Watts Regulator Co. further pray that they recover all costs of Court incurred in the defense of this matter. Defendant Watts Water

A CERTIFIED COPY
ATTEST: 10-9-13
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____
DEPUTY
KELLY JONES

WATTS WATER TECHNOLOGIES, INC. AND WATTS REGULATOR CO.'S ANSWER TO
PLAINTIFF'S ORIGINAL PETITION – Page 1
1694314   674/193

Technologies, Inc. and Watts Regulator Co. further pray for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**HERMES SARGENT BATES, LLP**

By: _____
GINA VICCINELLI
State Bar No. 24013685

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6000
Telecopier: 214.749.6100

*Counsel for Watts Water Technologies, Inc. and Watts Regulator Co.*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded to counsel either by via certified mail, return receipt requested or facsimile on this 4th day of October, 2013:

*Via Facsimile: 972-403-0311*
Craig M. Schumacher
N. Scott Carpenter
CARPENTER & SCHUMACHER, P.C.
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, TX 75093

_____
Gina Viccinelli
*Counsel for Watts Water Technologies, Inc. and Watts Regulator Co.*

# EXHIBIT C-9



HERMES SARGENT BATES LLP

*Minds over matters.*

**Gina Viccinelli**
direct dial 214.749.6544
direct fax 214.749.6344
gina.viccinelli@hsblaw.com

October 4, 2013

***Via Regular Mail***
Thomas A. Wilder
District Clerk
Tarrant County Justice Center
401 W. Belknap Street
Fort Worth, Texas 76196-0220

     RE:   Cause No. 067 267646 13; *State Farm Lloyds Insurance Company a/s/o Jeffrey and Debbie Siek v Watts Water Technologies, Inc. and Watts Regulator Company;* pending in the 67th Judicial District Court, Tarrant County, Texas
           Our File No. 674.193

Dear Clerk:

    Enclosed please find an original and one copy of *Watts Water Technologies, Inc. and Watts Regulator Co.'s Original Answer to Plaintiff's Original Petition* in regard to the above-referenced matter. Please file the original and return a file-stamped copy to me in the enclosed self-addressed postage paid envelope.

    By copy of this letter, all counsel of record are being provided with a true and correct copy of the enclosed pleading.

    Thank you for your assistance. Should you have any questions, please do not hesitate to contact me.

                    Very truly yours,

                    Gina Viccinelli

GV/kdt
Enclosures
cc:   (w/enclosure)
     ***Via Facsimile: (972) 403-0311***
     Craig M. Schumacher / N. Scott Carpenter
     CARPENTER & SCHUMACHER, P.C.
     Parkway Centre IV
     2701 North Dallas Parkway, Suite 570
     Plano, TX 75093