ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 4 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK,<br>Plaintiff,<br><br>vs.<br><br>WATTS WATER TECHNOLOGIES, INC. AND WATTS REGULATOR COMPANY<br>Defendant, | § § § § § § § § § § § § | CIVIL ACTION NO: 4:13-cv-00850-A |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK, hereinafter referred to as "Plaintiff," and complains of WATTS WATER TECHNOLOGIES, INC. (hereinafter referred to as "WATTS WATER") and WATTS REGULATOR COMPANY (hereinafter referred to as "WATTS REGULATOR"), sometimes collectively referred to hereinafter as "Defendants," and for cause of action would respectfully show the Court as follows:

### I. PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, as a real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant, **WATTS WATER TECHNOLOGIES, INC.**, is a foreign corporation existing under the laws of the State of Massachusetts. It has entered an appearance in this case and may be served with a copy of this pleading by serving its attorney of record: Gina Viccinelli, Hermes Sargent Bates, LLP, 901 Main Street, Suite 5200, Dallas, Texas 75202.

3. Defendant, **WATTS REGULATOR COMPANY** is a foreign corporation existing under the laws of the State of Massachusetts. It has entered an appearance in this case and may be served with a copy of this pleading by serving its attorney of record: Gina Viccinelli, Hermes Sargent Bates, LLP, 901 Main Street, Suite 5200, Dallas, Texas 75202.

4. The "Property" is located at 4604 Green Oaks Drive, Colleyville, Tarrant County, Texas 76034-4763.

5. Venue of this suit is proper under 28 U.S.C. §1391(a)(1) because a substantial part of the events giving rise to this lawsuit occurred in this district.

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## II. PRODUCTS LIABILITY

7. This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of a 12" stainless steel braided toilet water supply line, which is further identified as an Anderson Barrows (Watts) brand (hereinafter referred to as "product", "product in question" or "water supply line in question"), which was manufactured by Defendants. The product in question was designed, manufactured, and/or marketed by Defendants. At all times mentioned herein, Defendants were engaged in the business of designing, manufacturing and marketing the same brand and/or model of water supply line as the product in question to the general public, throughout the United States, as well as within the State of Texas.

8. Defendants designed, manufactured and/or placed into the stream of commerce the product in question which reached the home of Jeffrey and Debbie Siek in the same or substantially the same condition in which it was sold.

## III. FACTUAL BACKGROUND

9. At all relevant times herein, Jeffrey and Debbie Siek were the owners of a residence located at 4604 Green Oaks Drive, Colleyville, Tarrant County, Texas 76034-4763 (the "Property"). On or about December 20, 2011, a water supply line for a toilet that was installed in the Property developed a significant leak. More specifically, the 7/8" plastic coupling nut, which was intended to connect the water supply line to the tank for the toilet, cracked which allowed for the uncontrolled release of water into and throughout the Property. As a result of the failure of the water supply line in question, the water caused significant damage to the real and personal property of Jeffrey and Debbie Siek.

10. The water supply line in question has been further identified as an Anderson Barrows brand, 12" braided stainless steel water supply line ("water supply line" or "product" in question). A professional engineer has inspected the water supply line in question and has determined that the water supply line in question was defectively designed and defectively manufactured. Specifically, the subject acetal coupling nut was defectively manufactured with respect to the sharp notch transition between the last thread cut and the base of the coupling nut. The fracture of the coupling nut initiated at this sharp notch transition. The sharp notch was a defect that was created in the subject coupling nut during the manufacturing process. Therefore the subject coupling nut was defective prior to leaving the manufacturer's control. Upon information and belief, the water supply line in question was designed, manufactured, marketed, or otherwise placed into the stream of commerce by Defendants.

11. As a direct, proximate and producing result of the failure of Defendants' water supply line, Jeffrey and Debbie Siek suffered damages to their real and personal property. Pursuant to a homeowner's insurance policy in effect for the date of loss, State Farm Lloyds Insurance Company

compensated Jeffrey and Debbie Siek for the covered damages they incurred, and State Farm now brings this suit to recover its subrogation interests from Defendants.

## IV. CAUSES OF ACTION AGAINST ALL DEFENDANTS

### Count One -- Strict Liability

12. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

13. Prior to the date of the water loss, Defendants manufactured, assembled, inspected, tested, sold and/or distributed the water supply line in question and introduced it into the stream of commerce, in a manner so as to render it defective, unsafe, and/or unreasonably dangerous. The defective condition of the water supply line in question caused the water loss and the resultant damages. At the time of the water loss, the water supply line in question was being used in a manner for which it was designed, manufactured, assembled and sold.

14. There was a manufacturing defect in the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and the damages as set forth herein. As a result of the manufacturing defect, the water supply line in question was in an unreasonably dangerous condition; i.e., the water supply line in question was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

15. There was a design defect in the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. The design defect rendered the water supply line in question unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in

its use. A safer alternative design existed that would have prevented or significantly reduced the risk of the occurrence in question without substantially impairing the product's utility and was economically and technically feasible at the time the product left the control of Defendants by the application of existing or reasonably achievable scientific knowledge.

16. There was a defect in the marketing of the water supply line in question at the time it left the possession of Defendants that was a producing cause of the occurrence in question and damages set forth herein. Defendants failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

17. Plaintiff alleges that the damages incurred by Jeffrey and Debbie Siek were caused as a direct, proximate and producing result of the defective condition of the water supply line in question. Furthermore, Jeffrey and Debbie Siek were unaware of any defects inherent in the water supply line in question or of any danger that could result from the use thereof at the time they made use of the water supply line in question in its intended manner. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## Count Two – Negligence

18. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

19. Plaintiff would show that on the occasion in question, Defendants owed a duty to exercise ordinary care in the design, preparation, manufacture, and sale of its products. The water supply line in question was defective and unsafe for its intended purpose at the time it left Defendants' control and at the time it was installed in the residence of Jeffrey and Debbie Siek. The water

supply line in question was defective in that it failed to conform to the product design and specifications of other similar products. Defendants breached their duty and, as a direct and proximate result of their negligence, caused Jeffrey and Debbie Siek to suffer damages.

20.  Plaintiff would show that Defendants' negligence was the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

### Count Three -- Breach of Express and Implied Warranties

21.  Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

22.  Defendants held out to the general public, and to Jeffrey and Debbie Siek specifically, that the water supply line in question would conform with the qualities of the same or similar products. As a result of Defendants' actions, Defendants breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

23.  Further, if such be necessary, Defendants held out to the general public, and to Jeffrey and Debbie Siek specifically, that the water supply line in question would be suitable for its ordinary purpose and intended use, and that the product would be of merchantable quality. As a result of Defendants' actions, Defendants breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

24.  Plaintiff has suffered the damages set forth above as a result of Defendants' breach of the foregoing warranties and plead for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## V. RES IPSA LOQUITUR

25. Plaintiff cannot more specifically allege the acts of negligent design and/or manufacture of the water supply line in question on the part of Defendants for the reason that facts in that regard are peculiarly within the knowledge of Defendants.

26. In this connection, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the design and manufacture of the water supply line in question was within the exclusive control of Defendants at the time the negligence probably occurred. Plaintiff has no means of ascertaining the method or manner in which the Defendants' water supply line was designed, manufactured, and/or tested.

27. In the alternative, and in the event Plaintiff is unable to prove specific acts of negligent design and/or manufacture, Plaintiff asserts and relies on the doctrine of Res Ipsa Loquitur.

## VI. DAMAGES

28. As a result of the acts and/or omissions on the part of Defendants, Jeffrey and Debbie Siek sustained damage to their real and personal property in at least the amount of $101,483.71. Pursuant to an insurance policy in effect for the date of loss, State Farm has compensated Jeffrey and Debbie Siek, for the covered damages they sustained as a result of the failure of Defendants' water supply line. State Farm Lloyds is exercising it's rights to both contractual and equitable subrogation by filing this lawsuit against Defendants. After allowing for all just and lawful offsets, payments, and credits, Defendants continue to be indebted to Plaintiff in the total amount of $101,483.71.

29. Plaintiff hereby asserts its claim for damages as described above. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **STATE FARM LLOYDS AS SUBROGEE OF JEFFREY AND DEBBIE SIEK**, requests that Defendant **WATTS WATER TECHNOLOGIES, INC.** and Defendant **WATTS REGULATOR COMPANY** take notice of the filing of this First Amended Complaint, be cited to appear and answer herein, and that upon final hearing, Plaintiff recover from Defendants:

a. A judgment against Defendants, jointly and severally, for actual damages in the amount of **$101,483.71**;

b. A judgment against Defendants, jointly and severally, for pre- and post-judgment interest as provided by law;

c. A judgment against Defendants, jointly and severally, for all costs of court and attorneys fees incurred by Plaintiff; and,

d. A judgment against Defendants for such other and further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
N. Scott Carpenter
State Bar No. 00790428
**Craig M. Schumacher (Lead Counsel)**
State Bar No. 00791622
**CARPENTER & SCHUMACHER, P.C.**
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, Texas 75093
(972) 403-1133
Fax (972) 403-0311
Scarpenter@subrogatelaw.com
Cschumacher@subrogatelaw.com
*ATTORNEY FOR PLAINTIFF*
*STATE FARM LLOYDS AS SUBROGEE*
*OF JEFFREY AND DEBBIE SIEK*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on the ___1st___ day of November, 2013:

Gina Viccinelli
Hermes Sargent Bates, LLP
902 Main Street, Suite 5200
Dallas, Texas 75202
*Counsel for Defendants*

_____
Craig M. Schumacher