

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF JEFFREY AND DEBBIE SIEK | § § § § | |
| Plaintiffs | § § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-00850-A |
| WATTS WATER TECHNOLOGIES, INC. AND WATTS REGULATOR COMPANY | § § § § § | |
| Defendants. | § § | |

### DEFENDANTS WATTS WATER TECHNOLOGIES, INC.'S AND WATTS REGULATOR CO.'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendant Watts Water Technologies, Inc. ("WWT") and Defendant Watts Regulator Co. (WR) ( together referred to as "Defendants") and file their Original Answer in response to Plaintiff's First Amended Complaint and in support would respectfully show the Court the following:

### I. Parties, Venue, and Jurisdiction

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants admit that WWT is a foreign corporation with its principal place of business in Massachusetts but denies that it was incorporated under the laws of Massachusetts. Defendants admit that WWT has entered an appearance in this case and may be served with a copy of Plaintiff's First Amended Complaint by serving Gina Viccinelli, Hermes

Sargent Bates, LLP, 901 Main Street, Suite 5200, Dallas, Texas. Defendants deny any remaining allegations in paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit that WR is a foreign corporation incorporated and with its principal place of business in Massachusetts. Defendants admit that WR has entered an appearance in this case and may be served with a copy of Plaintiff's First Amended Complaint by serving Gina Viccinelli, Hermes Sargent Bates, LLP, 901 Main Street, Suite 5200, Dallas, Texas. Defendants deny any remaining allegations in paragraph 2 of Plaintiff's First Amended Complaint.

4. Defendants admit that Plaintiff contends that the property at which a loss occurred is located at 4604 Green Oaks Drive, Colleyville, Tarrant County, Texas, 76034-4763.

5. Defendants admit the allegations as contained on paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants admit that the Court has jurisdiction over this lawsuit because the Plaintiff and Defendants are citizens of different states and the alleged amount in controversy exceeds $75,000.00, excluding interest and costs, but deny that Plaintiff has been damaged and/or is entitled to the recovery of damages in excess of $75,000.00.

## II. Product Liability

7. Defendants admit that Plaintiff brings product liability claims complaining of design, manufacturing, and/or marketing defects of a 12" stainless steel braided toilet water supply line (hereinafter referred to as "product", "product in question" or "water supply line in question"). Defendants admit that the water supply line in question is identified as an Anderson Barrows Metals Corporation brand line. Defendants WWT and WR deny they manufactured the water supply line in question. WWT denies it designed or marketed the water supply line in question and denies that it was engaged in the business

of designing, manufacturing, and marketing the same brand and/or model of water supply line as the product in question to the general public, throughout the United States, and well as within the State of Texas. WR states that it purchased Anderson Barrows Metals Corporation and therefore is the designer and distributor of the water supply line in question. Defendants deny any remaining allegations in paragraph 7 of Plaintiff's First Amended Complaint.

8. WR admits that it purchased Anderson Barrows Metals Corporation and therefore designed and placed into the stream of commerce the water supply line in question. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's First Amended Complaint.

### III. Factual Background

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendants admit that Plaintiff has identified the water supply line in question as an Anderson Barrows brand, 12" braided stainless steel water supply line and that WR designed and distributed the water supply line in question. Defendants deny the remaining allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendants admit that State Farm now brings this suit to recover an alleged subrogation interest from Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that State Farm compensated Jeffrey and Debbie Siek for any covered damages they incurred pursuant to a homeowner's insurance policy in effect for the date of loss as alleged in paragraph 11 of Plaintiff's First Amended Complaint. Defendants deny the remaining allegations in paragraph 11 of Plaintiff's First Amended Complaint.

## IV. CAUSES OF ACTION

### Strict Liability allegation

12. Defendants incorporate by reference the foregoing paragraphs. Otherwise, no response is required.

13. Defendants admit that WR designed and distributed the water supply line in question. Defendants deny the remaining allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants admit that Plaintiff brings a product liability action in this suit and deny the remaining allegations in paragraph 14 of Plaintiff's First Amended Complaint.

### Negligence allegation

18. Defendants incorporate by reference the foregoing paragraphs. Otherwise, no response is required.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendants admit that Plaintiff alleges damages in an amount within the jurisdictional limits of this Court. Defendants deny the remaining allegations in paragraph 20 of Plaintiff's First Amended Complaint.

### Breach of Express and Implied Warranties allegation

21. Defendants incorporate by reference the foregoing paragraphs. Otherwise, no response is required.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants admit that Plaintiff pleads for actual and consequential damages that may be allowed under the Texas Business and Commerce Code, sections 2.715(b)(2) of that code. Defendants deny the remaining allegations in paragraph 24 of Plaintiff's First Amended Complaint.

## Res Ipsa Loquitur

25. Defendants deny the allegations in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants admit Plaintiff alleges the doctrine of Res Ipsa Loquitur and deny the remaining allegations in paragraph 27 of Plaintiff's First Amended Complaint.

## Damages

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that State Farm compensated Jeffrey and Debbie Siek for any covered damages they incurred pursuant to a homeowner's insurance policy in effect for the date of loss as alleged in paragraph 28 of Plaintiff's First Amended Complaint. Defendants deny the remaining allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants admit that Plaintiff asserts a claim for damages and deny the remaining allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

## Prayer

Defendants deny that Plaintiff is entitled to the requested relief and damages sought in Plaintiff's First Amended Complaint. Furthermore, Defendants deny all statements and allegations contained in Plaintiff's First Amended Complaint that have not otherwise been responded to above.

## AFFIRMATIVE DEFENSES

30. Defendants allege that the negligence, fault, responsibility, acts and/or omissions of other entities or persons bar in whole or in part Plaintiff's claims for damages. Such negligence, fault, responsibility, acts and/or omissions on the part of others were either the sole proximate cause or a concurring cause of the occurrence and Plaintiff's damages, if any.

31. Defendants say that Jeffrey and Debbie Siek failed to exercise ordinary care and that such negligence caused this occurrence and damages, if any.

32. Defendants allege that Plaintiff's claims for damages are barred in whole or in part, whether under the doctrine of comparative responsibility.

33. Defendants allege that Plaintiff's claims are barred in whole or in part for failure to mitigate damages.

34. Defendants allege that the intervening and/or superseding negligence, fault and/or responsibility of other entities or persons proximately caused Plaintiff's damages, if any, and bar recovery of Plaintiff's damages, if any.

35. Defendants allege that the new and independent acts and/or omissions of other entities or persons over which these Defendants had no control and that were not reasonably foreseeable by these Defendants, destroyed any alleged causal connection, if any, between the acts and/or omissions of which Plaintiff complains and the occurrence in question, thereby becoming the immediate cause of the occurrence and Plaintiff's damages, if any.

36. Defendants allege that Plaintiff's proof with respect to all "design defect" allegations is governed by section 82.005 of the Texas Civil Practice & Remedies Code. Plaintiff must

prove by a preponderance of the evidence that (1) there was a "safer alternative design," as that term is statutorily defined; and (2) the defect was a producing cause of the injuries and damages for which the claimant seeks recovery. Defendants request that the jury be instructed on all statutorily required elements of a "design defect case."

37. Defendant WR assert that liability, if any, is governed by the provisions of Section 82.003 of the Texas Civil Practices & Remedies Code as a nonmanufacturing seller and Defendants incorporate herein the limitations of liability as set forth in section 82.003.

## PRAYER

**WHEREFORE**, Defendants pray that Plaintiff take nothing by its suit and that Defendants be discharged from all liability; and for such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

*/s/ Gina Viccinelli*
**GINA VICCINELLI**
Texas State Bar No. 24013685
Gina.viccinelli@hsblaw.com

**HERMES SARGENT BATES, LLP**
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6000
Telecopier: 214.749.6100

*Counsel for Watts Water Technologies, Inc. and Watts Regulator Co.*

## CERTIFICATE OF SERVICE

This is to certify that on November 18, 2013 a true and correct copy of the foregoing document was forwarded to counsel via certified mail, return receipt requested and facsimile.

*Via CMRRR: 7013 1090 0000 2268 4311*
*Facsimile: 972-403-0311*
Craig M. Schumacher
N. Scott Carpenter
CARPENTER & SCHUMACHER, P.C.
Parkway Centre IV
2701 North Dallas Parkway, Suite 570
Plano, TX 75093

Gina Viccinelli
*Counsel for Watts Water Technologies, Inc. and Watts Regulator Co.*